```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                     3:08CV524-W-02
                      (3:01CR185-V)
                   (Appeal No. 09-7780)
```

JOE ANTHONY BROWN,            )
    Petitioner,           )
                         )
    v.                    )            <u>ORDER</u>
                         )
UNITED STATES OF AMERICA,     )
    Defendant.            )
_____)

**THIS MATTER** comes before the Court upon Petitioner's "Motion For Reconsideration, filed December 30, 2009 (document # 9).

On November 17, 2008, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (document # 1). On December 3, 2008, the Court filed an Order summarily dismissing Petitioner's claims of <u>Apprendi</u> error and of ineffective assistance of counsel (document # 2).

On September 21, 2009, Petitioner filed a Motion to Reopen Time for Giving Notice of Appeal (document # 4). Such Motion asserted that the Court's Order of dismissal was not sent to Petitioner until September 9, 2009. However, because Petitioner's Motion was not accompanied by an affidavit or any other documentary support, his Motion to Reopen was denied.

Petitioner now has returned to the Court seeking reconsideration of that denial. Petitioner's Motion for Reconsideration continues to maintain that the Court's December 2008 Order of

dismissal was not sent to him until September 9, 2009. Such Motion further argues that because his Motion to Reopen was executed under penalty of perjury, Petitioner should not be required to submit any additional support for his assertion.

For its part, the Court has caused a manual search of Petitioner's file to be conducted by Court personnel. Such search has revealed a copy of a letter from Petitioner, dated September 3, 2009, in which he references an August 2009 letter of inquiry concerning the status of his case. Petitioner's September 2009 letter also complains that he never received a copy of the Court's Order of dismissal, and it asks for a copy of said Order. Equally critically, at the bottom of Petitioner's September 2009 letter, there is a handwritten notation that on September 9, 2009, a copy of the Order of dismissal and Petitioner's docket sheet were sent to him by an unidentified employee in the Clerk's office. The Court has directed the Clerk to file Petitioner's September 2009 letter on the docket.

At any rate, in light of this recent discovery, the Court finds that Petitioner's Motion for Reconsideration should be <u>granted</u>. Indeed, this record establishes that Petitioner did not receive the Court's Order within 21 days of its entry; his Motion to Reopen was received by the Court within 180 days of his receipt of the subject Order; and the Court does not believe that the Government will be prejudiced by reopening the appeal period.

See Fed.R.App.P. 4(a)(6)(A) through (C) (providing conditions for reopening appeal period).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion for Reconsideration (document # 9) is **GRANTED;**

2. Petitioner's appeal period is **REOPENED, nunc pro tunc;**

3. Petitioner's Notice of Appeal (document # 5) -- which was filed contemporaneously with his Motion to Reopen (document # 4) on September 21, 2009 -- shall be deemed timely filed; and

4. The Clerk shall send a copy of this Order to Petitioner and to the Clerk of the Fourth Circuit Court of Appeals.

**SO ORDERED.**

Signed: January 25, 2010

Frank D. Whitney
United States District Judge